United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————————

No. 03-10832

———————————————

TEXAS A&M UNIVERSITY-CORPUS CHRISTI,

Plaintiff-Appellant,

versus

EVELYN UPCHURCH, Director Texas Service Center, and,
JOHN ASHCROFT, U.S. Attorney General,

Defendants-Appellees.

———————————————————————————————————————

Appeal from United States District Court
for the Northern District of Texas
(No. 3:03-CV-275-L)

———————————————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Texas A&M University-Corpus Christi appeals from the district court's

decision that Citizenship and Immigration Service properly denied Professor Jose Giraldo's

petition for an O-1 visa. We affirm.

In 1999, Texas A&M University-Corpus Christi (the "university") filed an O-1 petition for

one of its professors, Jose Giraldo, based on Giraldo's academic excellence. The predecessor to

Citizenship and Immigration Service (the "CIS") approved the petition for September 1, 1999

until August 31, 2002. In 2002, the university filed a timely petition seeking extension of the

———————————————————

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

original O-1 petition. The CIS received additional information through a Request for Evidence. Based on the facts before the CIS, that agency denied the petition. The agency found that Professor Giraldo failed to meet the requirements set forth in the applicable regulation, 8 C.F.R. § 214.2(O)(3)(iii). The university sought relief in the district court, but the district court upheld the agency's decision and granted summary judgment in favor of the defendants. The university appealed to this court.

We find that the district court gave appropriate deference to the agency's decision. Professor Giraldo obviously has a good record, but he simply fails to meet the necessary requirements of 8 C.F.R. § 214.2(O)(3)(iii). Professor Giraldo cannot prevent the CIS from applying the guidelines in 2002 and thereafter because the CIS was lenient in granting Professor Giraldo a visa in 1999. The petition was properly denied.

For the above reasons, the decision of the district court is AFFIRMED.